ORIGINAL

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
     Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
     Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5
   **UNITED EMPLOYEES LAW GROUP**
6    Walter Haines, Esq. (CSB #71075)
   65 Pine Ave, #312
7  Long Beach, CA 90802
   Telephone: (562) 256-1047
8  Facsimile: (562) 256-1006
   Attorneys for Plaintiffs
9

FILED

2009 JUN 24  PM 4: 10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ KNK ____DEPUTY

10

11              **UNITED STATES DISTRICT COURT**

12              **SOUTHERN DISTRICT OF CALIFORNIA**

13                                    '09 CV 1364 LAB      POR

14  JUAN FRANCO; on behalf of himself,     CASE No. _____
    and on behalf of all persons similarly
15  situated,                              COMPLAINT FOR DAMAGES,
                                           RESTITUTION, AND INJUNCTIVE
16              Plaintiffs,                RELIEF:
                                             (1) UNFAIR COMPETITION IN
17  vs.                                    VIOLATION OF CAL. BUS. & PROF.
                                           CODE § 17200 *et seq.*;
18  BANK OF AMERICA,                         (2) FAILURE TO PAY EARNED
                                           WAGES AND OVERTIME
19              Defendant.                 COMPENSATION IN VIOLATION OF
                                           CAL. LAB. CODE §§ 204, 210, 218,
20                                         510,  1194 AND 1198;
                                             (3) FAILURE TO PROVIDE
21                                         ACCURATE ITEMIZED STATEMENTS
                                           IN VIOLATION OF LABOR CODE §
22                                         226;
                                             (4) FAILURE TO PROVIDE MEAL
23                                         PERIODS IN VIOLATION OF CAL.
                                           LAB. CODE §§ 226.7 AND 512; and,
24                                           (5) VIOLATION OF FAIR LABOR
                                           STANDARDS ACT [29 U.S.C. § 216]
25
                                           DEMAND FOR A JURY TRIAL
26

27

28

                                    1
                                COMPLAINT

**INTRODUCTION**

1.      This class action is brought by Plaintiff Juan Franco ("PLAINTIFF") individually and on behalf of present and former employees of Defendant Bank of America ("DEFENDANT") in California during the Class Period.  DEFENDANT systematically failed to pay PLAINTIFF and other similarly situated employees for the actual numbers of hours worked, regular and overtime, during the Class Period.  These employees were unlawfully instructed to record reduced hours on their time sheets by not recording the overtime hours they worked in violation of Labor Code § 206.5, because DEFENDANT's management contended that the retail bank locations were over budget on employee hours. As a result, PLAINTIFF and other employees did not receive compensation for all hours worked, including but not limited to the overtime hours worked.  The DEFENDANT's policy and practice to instruct employees to not record hours worked is evidenced by the records of the bank which evidence the longer hours worked by these employees but which hours were not paid by DEFENDANT. PLAINTIFF and other similarly situated employees were also required to work during meal breaks to complete training ordered by DEFENDANT because DEFENDANT did not provide paid time during which these employees could otherwise perform the training. The instruction to employees to delete hours from their time records also resulted in DEFENDANT's intentional issuance of inaccurate wage statements to these employees.  The policy and practice of DEFENDANT alleged herein is a deceptive, unfair and unlawful business practice whereby DEFENDANT retained wages due PLAINTIFF and other similarly situated employees for all hours worked. PLAINTIFF seeks an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and all members of the Class other class members who have been economically injured by DEFENDANTS' past conduct, and all other appropriate equitable relief.

2.      Defendant Bank of America (hereinafter referred to as "BANK OF AMERICA" or "DEFENDANT"), is a national association with headquarters located in Charlotte, North Carolina.  BANK OF AMERICA is engaged in the business of banking and

1   operates retail banking locations throughout California and the United States.  BANK OF

2   AMERICA currently operates over 4,000 banking locations in California.  Specifically,

3   BANK OF AMERICA operates retain banking locations and offices in San Diego County,

4   Los Angeles County, Orange County, Santa Clara County, San Mateo County and

5   throughout California, where members of the Class alleged herein work and reside.  BANK

6   OF AMERICA operates in 32 states, the District of Columbia and more than 30 foreign

7   countries as of December 31, 2008. At December 31, 2008, BANK OF AMERICA and

8   related companies had $1.8 trillion in assets and approximately 243,000 full-time equivalent

9   employees.

10        3.      BANK OF AMERICA conducted and continues to conduct substantial and

11   regular business throughout California and also is an enterprise that affects commerce by

12   engaging in the enterprise of engaging in nationwide banking in interstate commerce and by

13   regularly and recurrently receiving or transmitting interstate communications.

14        4.      The Bank of Italy was founded in San Francisco by Amadeo Giannini in 1904,

15   based on catering to immigrants. When the 1906 San Francisco earthquake struck, Giannini

16   was able to get all of the deposits out of the bank building and away from the fires.  In 1927,

17   Mr. Giannini consolidated his Bank of Italy with the then newly formed Liberty Bank of

18   America. The result was the Bank of Italy National Trust & Savings Association with capital

19   of $30,000,000, resources of $115,000,000.  In 1928, a merger with other bank holdings

20   creates what will become the largest banking institution in the country.  The merger was

21   completed in early 1929 and took the name BANK OF AMERICA.  BANK OF AMERICA

22   sought to be a national bank, expanding into most of the western states as well as into the

23   insurance industry, however, federal banking regulators prohibited BANK OF AMERICA's

24   interstate banking activity, and BANK OF AMERICA's domestic banks outside California

25   were forced into a separate company. It was not until the 1980s with a change in federal

26   banking legislation and regulation that BANK OF AMERICA was again able to expand its

27   domestic consumer banking activity outside California.

28        5.      BANK OF AMERICA then acquired competitors such as Security Pacific

1    National Bank, Continental Illinois National Bank and Trust Co., and Valley Bank. These

2    transactions BANK OF AMERICA to once again become the largest U.S. bank holding

3    company in terms of deposits, but the company fell to second place in 1997 behind

4    fast-growing NationsBank Corporation, and to third in 1998 behind North Carolina's First

5    Union Corp. In 1998, BANK OF AMERICA was purchased by North Carolina-based

6    NationsBank, and changed the headquarters to Charlotte, North Carolina. While the deal

7    was technically a purchase of BANK OF AMERICA by NationsBank, the deal was

8    structured as merger with NationsBank renamed to Bank of America Corporation, and Bank

9    of America NT&SA, changing its name to Bank of America, N.A. as the remaining legal

10   bank entity. Following the$64.8 billion acquisition of BANK OF AMERICA by

11   NationsBank, the resulting BANK OF AMERICA had combined assets of $570 billion, as

12   well as 4,800 branches in 22 states. BANK OF AMERICA generates 90% of its revenues in

13   its domestic market and continues to buy businesses in the United States. The core of

14   BANK OF AMERICA's strategy is to be the number one bank in its domestic market, which

15   it has achieved through key acquisitions.

16        6.      BANK OF AMERICA is currently one of the world's largest financial

17   institutions, serving individual consumers, small- and middle-market businesses and large

18   corporations with a full range of banking, investing, asset management and other financial

19   and risk management products and services. BANK OF AMERICA is also one of largest

20   banks by assets and is second largest commercial bank by deposits. BANK OF AMERICA

21   serves approximately 55 million consumer and small business relationships with more than

22   6,100 retail banking offices, more than 18,500 ATMs and online banking with nearly 30

23   million active users. BANK OF AMERICA is among the world's leading wealth

24   management companies and is a global leader in corporate and investment banking and

25   trading across a broad range of asset classes serving corporations, governments, institutions

26   and individuals around the world. BANK OF AMERICA serves clients in more than 150

27   countries. Bank of America Corporation stock (NYSE: BAC) is a component of the Dow

28   Jones Industrial Average and is listed on the New York Stock Exchange. In 2008, despite

1    one of the worst economic environments in recent memory, BANK OF AMERICA earned

2    more than $4 billion, making BANK OF AMERICA one of the top performing U.S. banks

3    for the year.

4                                    **CONDUCT**

5        7.    BANK OF AMERICA's business involves the operation of retail banking

6    locations which are staffed by Tellers, Senior Tellers, and Sales Service Specialists, along

7    with bank management and employees performing other services such as loans and

8    investments. BANK OF AMERICA's business model and practice is to institute detailed

9    instructions for the banking employees to follow to insure that the banking location provides

10   a secure and uniform product produced that is consistent and identical to the products

11   produced at other banking locations, and to insure that standardized procedures and

12   operations are followed. The BANK OF AMERICA employment policy also involves rigid

13   staffing restrictions which are followed by all banking locations.

14       8.    The duties that are performed by the employees in positions with the titles

15   "Teller", "Senior Teller" and "Sales Service Specialist" primarily involve the day to day

16   clerical labor to operate each banking location. These employees open the bank, close the

17   bank, count money, operate the teller cashier windows and handle the walk-in customers'

18   banking needs. All of these job duties are non-exempt job duties. These employees

19   performs these functions, and all duties, according to established company policies,

20   protocols, and procedures. Employees in retail banking customer services positions with the

21   titles "Teller", "Senior Teller" and "Sales Service Specialist" are classified as non-exempt

22   by BANK OF AMERICA.

23       9.    Plaintiff Juan Franco was first employed by BANK OF AMERICA prior to

24   2004 to perform customer service as a non-exempt employee. In January 2008, PLAINTIFF

25   transferred to work in a retail banking location in California as a non-exempt employee.

26   PLAINTIFF worked in this position at BANK OF AMERICA retail banking locations in

27   Franklin and Hillhurst, California. PLAINTIFF performed and continues to perform the

28   typical and standardized job duties of a non-exempt customer service employee, which is to

1  assist customers with their banking needs.  In performing the job duties of a non-exempt

2  customer service employee, PLAINTIFF was typically required to work more than eight (8)

3  in a workday, 5 days a week, and was often required to additional hours on Saturday.

4  DEFENDANT failed to accurately record all hours worked by PLAINTIFF, failed to have in

5  place a system which accurately recorded all hours worked, failed to pay PLAINTIFF wages

6  due for all hours worked, and instituted a company wide policy whereby PLAINTIFF and all

7  other similarly situated employees were ordered to delete any overtime hours worked from

8  their time sheets.

9        10.    The work schedule for PLAINTIFF and other banking location employees is

10  dictated by the regional and general management to which they directly report, and the

11  demands of work.  As a matter of company policy and practice, BANK OF AMERICA

12  requires PLAINTIFF to always arrive for work by 8:30 a.m. to open the branch location and

13  would be required to work until at least 6:00 p.m., and often he worked until 6:30 p.m. and

14  even as late as 8:00 p.m.  For this work, PLAINTIFF was uniformly and systematically

15  instructed by BANK OF AMERICA at all locations to only record eight (8) hours per day

16  for his hours worked, and therefore did not receive full compensation for all hours worked,

17  including overtime compensation.  BANK OF AMERICA management instructed

18  PLAINTIFF and other employees that they could only record eight (8) hours or less per day

19  because of rigid staffing restrictions imposed on every location.

20        11.    For this workweek which exceeds forty (40) hours each workweek,

21  PLAINTIFF is paid only a salary and is not paid overtime for the hours worked in excess of

22  eight per day or forty per week.  Other banking location employees, are paid hourly

23  compensation but are also not paid overtime for the hours worked in excess of eight per day

24  or forty per week.  Although PLAINTIFF and these other non-exempt banking location

25  employees are required to work more than eight (8) in one day, and more than forty (40) in

26  one week, BANK OF AMERICA does not pay PLAINTIFF and other employees premium

27  pay for these overtime hours worked as a matter of corporate policy and practice because

28

1   BANK OF AMERICA instructs these employees to not record all hours worked. This

2   practice of DEFENDANT violates Labor Code § 206.5 which confirms that this practice is a

3   criminal misdemeanor. The records of the banking location, including but not limited to

4   bank logs, log-in information and alarm code information evidence that the accurate hours of

5   work by these employees have not been compensated. Further, these employees are required

6   by BANK OF AMERICA to perform training modules for which training BANK OF

7   AMERICA fails to compensate employees, and because no working time is provided to

8   these employees to perform the training, employees are often required to perform the

9   required training during their meal period, for which no additional compensation is paid.

10      12.     PLAINTIFF and the other non-exempt banking location employees were and

11   are employed as working members of the production side of BANK OF AMERICA's

12   business. The primary job duties of PLAINTIFF and other non-exempt banking location

13   employees were and are to perform clerical labor to assist customers with their banking

14   needs, maintaining the cashier drawer, counting money, performing banking transactions,

15   opening the location, preparing the teller drawer for opening, closing the bank for the day,

16   greeting customers, completing checklists provided by BANK OF AMERICA, performing

17   the tasks assigned to them by the BANK OF AMERICA management, and/or following the

18   instructions of BANK OF AMERICA. To perform these duties, PLAINTIFF and other non-

19   exempt banking location employees perform manual labor such as counting, sorting, sitting,

20   writing, typing and stacking materials. As a result, PLAINTIFF and the other non-exempt

21   banking location employees were not and currently are not primarily involved in providing

22   office or non-manual work directly related to the management policies or general business

23   operations with respect to matters of significance. The work of PLAINTIFF and the other

24   non-exempt banking location employees also does not involve specialized or technical work

25   that requires special training, experience or knowledge. The work of PLAINTIFF and other

26   non-exempt banking location employees also does not involve the management of the

27   banking enterprise or the banking location and these employees do not customarily and

28

1  regularly exercises discretion and independent judgment.  Instead, PLAINTIFF and the other

2  non-exempt banking location employees were and currently are primarily involved in

3  providing day to day, routine, and general, manual labor related to the production and

4  delivery of BANK OF AMERICA's banking products.  Physical demands of the position

5  include standing, sitting, walking, bending, counting, checking, talking, and sorting

6  products.

7       13.     BANK OF AMERICA's unlawful, unfair, and deceptive employment

8  and wage practices cheat the PLAINTIFF and the other members of the CLASS out of their

9  lawful wages due for all hours worked as required by California and federal law.

10       14.     PLAINTIFF brings this class action on behalf of himself and a Class

11  consisting of all individuals who are or previously were employed by BANK OF AMERICA

12  in a customer service position at a retail banking location in California that was classified by

13  DEFENDANT as non-exempt, and who did not receive compensation for all hours worked

14  (the "CLASS") during the CLASS PERIOD.  The class period applicable to this CLASS is

15  defined as the period beginning four years prior to the filing of this Complaint and ending on

16  the date of as determined by the Court (the "CLASS PERIOD").  As a matter of company

17  policy and practice,  DEFENDANT classified every member of the CLASS as non-exempt,

18  but failed to pay the required straight and overtime compensation due these employees for

19  all hours worked, and otherwise failed to comply with all labor laws with respect to these

20  employees.

21       15.     Individuals in the CLASS are and were employees who are entitled to regular,

22  and overtime compensation and prompt payment of amounts that the employer owes an

23  employee when the employee quits or is terminated, and other compensation and working

24  conditions that are prescribed by law.  Although DEFENDANT required the employees in

25  the CLASS to work more than forty (40) hours a week, eight (8) hours in a workday, and /or

26  on the seventh (7th) day of a workweek, as a matter of company policy and practice,

27  DEFENDANT consistently and uniformly failed and still fails to implement a practice and

28  procedure that accurately records the hours worked by these employees, instructed and

1  continues to instruct these employees to not record overtime hours worked, and thereby fails

2  to pay them the regular and overtime compensation to which they are entitled.  The

3  PLAINTIFF and members of the CLASS currently work or previously worked in California

4  at times during the CLASS PERIOD for DEFENDANT at a retail banking location and

5  DEFENDANT's practices and procedures as alleged herein are and were common

6  throughout California at all relevant times.

7       16.    In this action, PLAINTIFF, on behalf of himself and the CLASS, seeks to

8  recover all the money that DEFENDANT was required by law to pay, but failed to pay, to

9  PLAINTIFF and all other CLASS members for work performed.  PLAINTIFF also seeks

10  penalties and all other relief available to her and other similarly situated employees under

11  California law.  PLAINTIFF also seeks declaratory relief finding that the employment

12  practices and policies of the DEFENDANT violate California law and injunctive relief to

13  enjoin the DEFENDANT from continuing to engage in such employment practices and as

14  necessary to remedy the unfair and unlawful employment practices.

15       17.    PLAINTIFF and all members of the CLASS are and were classified under

16  Industrial Welfare Commission Wage Order 1-2001 and Cal. Lab. Code §§ 510 *et seq.* and

17  Section 13(a)(5) of the Fair Labor Standards Act (the "FLSA") as non-exempt from

18  applicable federal and state labor laws.  Under both the FLSA  and California Labor Law,

19  these employees may only be classified as exempt if the employee primarily engages in

20  duties and responsibilities involving (i) the "performance of office or non-manual work

21  directly related to management policies or general business operations" of BANK OF

22  AMERICA, (ii) the customary and regular exercising of discretion and independent

23  judgment, (iii) performed only under general supervision work along specialized or technical

24  lines requiring special training, experience, or knowledge, and (iv) is paid a monthly salary

25  equivalent to two times the minimum wage for full-time employment.  PLAINTIFF and the

26  other members of the CLASS do not meet all of these requirements.  Since DEFENDANT

27  affirmatively and wilfully had in place a business policy, practice and procedure which

28  failed to allow for an accurate determination of the hours worked by these employees,

1  including overtime and training time, DEFENDANT's practices violated and continue to

2  violate the law.  As a result of this policy and practice, DEFENDANT failed and still fail to

3  pay overtime and other required compensation in accordance with applicable law.

4      18.    By reason of this uniform conduct applicable to PLAINTIFF and all

5  CLASS members, DEFENDANT committed acts of unfair competition in violation of the

6  California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by

7  engaging in a company-wide policy and procedure which failed to correctly pay the

8  PLAINTIFF and the CLASS of similarly situated employees all compensation required for

9  all hours worked.  The accurate recording of hours worked for these employees is the

10  DEFENDANT's  burden under both the FLSA and the California Labor Code.  As a result

11  of DEFENDANT's willful blindness and intentional disregard of the obligation to meet this

12  burden, DEFENDANT failed to properly pay all required overtime compensation for work

13  performed by the members of the CLASS and violated the FLSA and the California Labor

14  Code and regulations promulgated thereunder as herein alleged.

15      19.    PLAINTIFF and the members of the CLASS have no plain, speedy  or

16  adequate remedy at law and will suffer irreparable injury if DEFENDANT is permitted to

17  continue to engage in the unlawful acts and practices herein alleged.  The illegal conduct

18  alleged herein is continuing and to prevent future injury and losses, and to avoid a

19  multiplicity of lawsuits, PLAINTIFF is entitled to an injunction and other equitable relief,

20  on behalf of himself and the CLASS, to prevent and enjoin such practices.  PLAINTIFF

21  therefore requests a preliminary and/or permanent injunction as the DEFENDANT provides

22  no indication that DEFENDANT will not continue such wrongful activity in the future,

23  along with restitution, penalties, interest, compensation and other equitable relief as

24  provided by law.

25      20.    Finally, DEFENDANT engaged in a policy and practice of threatening and/or

26  terminating employees who complained about the DEFENDANT's violations of the

27  California Labor Code or who requested to be paid for all hours worked.  Further,

28  DEFENDANT threaten to, and in fact do, retaliate against employees who refuse to

1  participate in activities that violate California law, including but not limited to, inaccurate

2  reporting of hours worked and the submission of inaccurate time records and employee

3  information.

4

5  **THE CLASS**

6      21.    PLAINTIFF brings this class action on behalf of themselves and a Class

7  consisting of all individuals who are or previously were employed by BANK OF AMERICA

8  in a retail banking customer service position, and/or in any other similarly situated retail

9  banking position in California classified by DEFENDANT as non-exempt (the "CLASS")

10  during the CLASS PERIOD.  To the extent equitable tolling operates to toll claims by the

11  CLASS against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

12      22.    The California Legislature has commanded that "all wages... ...earned by any

13  person in any employment are due and payable twice during each calendar month, on days

14  designated in advance by the employer as the regular paydays",  and further that  "[a]ny

15  work in excess of eight hours in one workday and any work in excess of 40 hours in any one

16  workweek...shall be compensated at the rate of no less than one and one-half times the

17  regular rate of pay for an employee." (Lab. Code §204 and §510(a).)  The Industrial

18  Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions

19  from the requirement that an overtime rate of compensation be paid... ...for executive,

20  administrative, and professional employees, provided [inter alia] that the employee is

21  primarily engaged in duties that meet the test of the exemption, [and] customarily and

22  regularly exercises discretion and independent judgment in performing those duties..." (Lab.

23  Code §510(a).)  Neither the PLAINTIFF nor the other members of the CLASS qualify for

24  exemption from the above requirements.

25      23.    DEFENDANT, as a matter of company policy, practice and procedure, and

26  in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

27  Order Requirements, and the applicable provisions of California law, intentionally,

28  knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to pay for all

1   hours worked by PLAINTIFF and the other members of the CLASS, failed to institute a

2   practice to ensure that all hours worked were accurately recorded, and systematically

3   instructed these banking employees to exclude overtime hours worked and training time

4   from the employees' time records.  Although from time to time Plaintiff and some members

5   of the CLASS may receive pre-approved overtime, DEFENDANT as a matter of corporate

6   policy and practice failed to pay for overtime for non-exempt employees who arrived early

7   for work, stayed late at work, and when they perform training exercises, even though

8   DEFENDANT enjoyed the benefit of this work, required employees to perform this work

9   and permitted or suffered to permit this overtime work.

10      24.    DEFENDANT has the legal burden to establish that each and every

11   non-exempt employee is paid for all hours worked and to accurately record all hours worked

12   by non-exempt employees.  The DEFENDANT, however, as a matter of uniform and

13   systematic policy and procedure failed to have in place during the CLASS PERIOD and still

14   fail to have in place a policy or practice to accurately record hours worked so as to satisfy

15   their burden.  Rather, the DEFENDANT's uniform policy and practice in place at all times

16   during the CLASS PERIOD and currently in place is to systematically instruct employees to

17   record no more than eight (8) hours work each workday and no more than forty (40) hours

18   work each workweek in order to avoid DEFENDANT's obligation to pay overtime to non-

19   exempt employees.  This common business practice applicable to each and every CLASS

20   member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under

21   Cal. Business & Professions Code §17200, *et seq.* (the "UCL") as causation, damages, and

22   reliance are not elements of this claim.

23      25.    At no time before, during or after the PLAINTIFF's employment with

24   DEFENDANT was the compensation for any member of the CLASS properly recalculated

25   so as to compensate the employee for all hours worked as required by California Labor Code

26   §§ 204 and 510, *et seq.*

27      26.    The CLASS, numbering more than 100 members, is so numerous that joinder

28   of all members of the CLASS is impracticable.

27.     DEFENDANT uniformly violated the rights of the CLASS under California law by:

(a)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200, et seq., by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all wages due the CLASS for all hours worked, including overtime and training time, failed to accurately record all hours worked by the CLASS and ordered employees to exclude certain hours worked, including overtime and training time, from their time sheets;

(b)     Violating Cal. Lab. Code §§510, et seq. by failing to pay the correct overtime pay owed to PLAINTIFF and the members of the CLASS for hours worked;

(e)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the members of the CLASS who were improperly classified as exempt with off-duty meal periods;

(f)     Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the members of the CLASS with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and,

(f)     Violating Cal. Lab. Code §§ 210, 202 and 203 by failing to provide timely payment of all wages owed to PLAINTIFF and the members of the CLASS who failed to receive overtime wages for hours worked and who have terminated their employment.

28.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Federal Rules of Civil Procedure, Rule 23, in that:

(a)     The persons who comprise the CLASS exceed 100 persons and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive

1 relief issues that are raised in this Complaint are common to the CLASS will apply

2 uniformly to every member of the CLASS;

3         (c)    The claims of the representative PLAINTIFF are typical of the

4 claims of each member of the CLASS.  PLAINTIFF, like all other members of the CLASS,

5 was and still is a non-exempt banking employee who was subjected to the DEFENDANT's

6 practice and policy which failed to pay all wages due the CLASS for all hours worked,

7 including overtime and training time, failed to accurately record all hours worked by the

8 CLASS and ordered employees to exclude certain hours worked, including overtime and

9 training time, from their time sheets.  PLAINTIFF sustained economic injury as a result of

10 DEFENDANT's employment practices.  PLAINTIFF and the members of the CLASS were

11 and are similarly or identically harmed by the same unlawful, deceptive, unfair and

12 pervasive pattern of misconduct engaged in by DEFENDANT.

13         (d)    The representative PLAINTIFF will fairly and adequately

14 represent and protect the interest of the CLASS, and has retained counsel who are competent

15 and experienced in class action litigation.  There are no material conflicts between the

16 claims of the representative PLAINTIFF and the members of the CLASS that would make

17 class certification inappropriate.  Counsel for the CLASS will vigorously assert the claims of

18 all members of the CLASS.

19     29.    In addition to meeting the statutory prerequisites to a Class Action, this action

20 is properly maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule

21 23, in that:

22         (a)    Without class certification and determination of declaratory,

23 injunctive, statutory and other legal questions within the class format, prosecution of

24 separate actions by individual members of the CLASS will create the risk of:

25         1)    Inconsistent or varying adjudications with respect to

26 individual members of the CLASS which would establish incompatible standards of conduct

27 for the parties opposing the CLASS; and/or,

28         2)    Adjudication with respect to individual members of the

1   CLASS which would as a practical matter be dispositive of interests of the other members

2   not party to the adjudication or substantially impair or impede their ability to protect their

3   interests.

4           (b)     The parties opposing the CLASS have acted or refused to act on

5   grounds generally applicable to the CLASS, making appropriate class-wide relief with

6   respect to the CLASS as a whole in that the DEFENDANT uniformly failed to pay all wages

7   due, including overtime, for all hours worked by the members of the CLASS by refusing to

8   accurately record all hours worked and ordering employees to delete the overtime and

9   training hours worked from their time records;

10           1)     With respect to the First Cause of Action, the final relief

11   on behalf of the CLASS sought does not relate exclusively to restitution because through

12   this claim PLAINTIFF seek declaratory relief holding that the DEFENDANT's policy and

13   practices constitute unfair competition, along with injunctive relief, and incidental equitable

14   relief as may be necessary to prevent and remedy the conduct declared to constitute unfair

15   competition;

16           (c)     Common questions of law and fact exist as to the members of

17   the CLASS, with respect to the practices and violations of California law as listed above,

18   and predominate over any question affecting only individual members, and a class action is

19   superior to other available methods for the fair and efficient adjudication of the controversy,

20   including consideration of:

21           1)     The interests of the members of the CLASS in

22   individually controlling the prosecution or defense of separate actions in that the substantial

23   expense of individual actions will be avoided to recover the relatively small amount of

24   economic losses sustained by the individual CLASS members when compared to the

25   substantial expense and burden of individual prosecution of this litigation;

26           2)     Class certification will obviate the need for unduly

27   duplicative litigation that would create the risk of: (a) Inconsistent or varying adjudications

28   with respect to individual members of the CLASS, which would establish incompatible

1  standards of conduct for the DEFENDANT; and/or, (b) Adjudications with respect to

2  individual members of the CLASS would as a practical matter be dispositive of the interests

3  of the other members not parties to the adjudication or substantially impair or impede their

4  ability to protect their interests;

5          3)    In the context of wage litigation because a substantial

6  number of individual class members will avoid asserting their legal rights out of fear of

7  retaliation by DEFENDANT, which may adversely affect an individual's job with

8  DEFENDANT or with a subsequent employer, the class action is the only means to assert

9  their claims through a representative; and,

10          4)    A class action is superior to other available methods for the fair

11  and efficient adjudication of this litigation because class treatment will obviate the need for

12  unduly and unnecessary duplicative litigation that is likely to result in the absence of

13  certification of this action pursuant to Fed. R. Civ. Proc., rule 23.

14      30.    This Court should permit this action to be maintained as a Class Action

15  pursuant to Federal Rules of Civil Procedure, rule 23, because:

16          (a)    The questions of law and fact common to the CLASS

17  predominate over any question affecting only individual members because the

18  DEFENDANT's employment practices were uniformly and systematically applied with

19  respect to the entire CLASS;

20          (b)    A class action is superior to any other available method for the fair and

21  efficient adjudication of the claims of the members of the CLASS because in the context of

22  employment litigation a substantial number of individual CLASS members will avoid

23  asserting their rights individually out of fear of retaliation or adverse impact on their

24  employment;

25          (c)    The members of the CLASS exceed 100 people and are therefore

26  so numerous that it is impractical to bring all members of the CLASS before the Court;

27          (d)    PLAINTIFF, and the other CLASS members, will not be able to

28  obtain effective and economic legal redress unless the action is maintained as a class action;

1     (e)  There is a community of interest in obtaining appropriate legal

2 and equitable relief for the acts of unfair competition, statutory violations and other

3 improprieties, and in obtaining adequate compensation for the damages and injuries which

4 DEFENDANT's actions have inflicted upon the CLASS;

5     (f)  There is a community of interest in ensuring that the combined

6 assets of DEFENDANT are sufficient to adequately compensate the members of the CLASS

7 for the injuries sustained;

8     (g)  DEFENDANT has acted or refused to act on grounds generally

9 applicable to the CLASS, thereby making final class-wide relief appropriate with respect to

10 the CLASS as a whole;

11     (h)  The members of the CLASS are readily ascertainable from the

12 business records of DEFENDANT and business records of the DEFENDANT will identify

13 and establish membership in the CLASS; and,

14     (i)  Class treatment provides manageable judicial treatment calculated to

15 bring a efficient and rapid conclusion to all litigation of all wage and hour related claims

16 arising out of the conduct of DEFENDANT as to the members of the CLASS.

17   31.  DEFENDANT maintain records from which the Court can ascertain and

18 identify by job title each of BANK OF AMERICA's non-exempt employees who as have

19 been systematically, intentionally and uniformly subjected to DEFENDANT's corporate

20 policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the

21 complaint to include any additional job titles of similarly situated employees when they have

22 been identified.

23   32.  DEFENDANT, as a matter of corporate policy, practice and procedure, failed

24 to pay the members of the CLASS the wages due for all hours worked by ordering

25 employees to delete overtime hours worked and training time from time records and by

26 refusing to institute a system for the accurate record of hours worked that could not be

27 manipulated and altered so as to deny the payment of wages due. All employees in the

28 CLASS, including the PLAINTIFF, performed the same primary functions and were paid by

1   DEFENDANT according to uniform and systematic company procedures, which, as alleged

2   herein above, failed to correctly pay all overtime compensation due.  This business practice

3   was uniformly applied to each and every member of the CLASS, and therefore, the propriety

4   of this conduct can be adjudicated on a class-wide basis.  DEFENDANT intentionally,

5   knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to pay for all

6   hours worked by PLAINTIFF and the other members of the CLASS, failed to institute a

7   practice to ensure that all hours worked were accurately recorded, and systematically

8   instructed these banking employees to exclude overtime hours worked and training time

9   from the employees' time records.  Although from time to time Plaintiff and some members

10  of the CLASS may receive pre-approved overtime, DEFENDANT as a matter of corporate

11  policy and practice failed to pay for overtime for non-exempt employees who arrived early

12  for work, stayed late at work, and when they perform training exercises, even though

13  DEFENDANT enjoyed the benefit of this work, required employees to perform this work

14  and permitted or suffered to permit this overtime work.

15

16                      **JURISDICTION AND VENUE**

17         33.    This Court has jurisdiction over this action pursuant to 28 U.S.C.§1331,

18  federal question jurisdiction, 29 U.S.C. § 216, the Fair Labor Standards Act, and 28 U.S.C. §

19  1367, supplemental jurisdiction of state law claims.  Independently, this Court also has

20  original jurisdiction over PLAINTIFF's state law class claims pursuant to the Class Action

21  Fairness Act of 2005, 28 U.S.C. § 1332 in that the PLAINTIFF is a resident of California,

22  most of the CLASS is comprised of residents of California, DEFENDANT is a citizen of a

23  state other than California, there are more than 100 individuals in the CALIFORNIA

24  CLASS, and the amount in controversy in this complaint exceeds the sum or value of

25  $5,000,000.  The action is brought pursuant to Federal Rules of Civil Procedure, rule 23.

26  PLAINTIFF brings this action on her own behalf, and on behalf of all persons within the

27  CLASS as herein defined.

28         34.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because

DEFENDANT (i) is subject to personal jurisdiction in this District, and/or (ii) committed the wrongful conduct against certain members of the CLASS in San Diego County, California. At all relevant times, DEFENDANT maintained offices and facilities in San Diego County, California and committed the wrongful conduct against members of the CLASS in San Diego County, California.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code § 17200 et seq.]

### (By PLAINTIFF and the CLASS and against All Defendants)

35.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 34 of this Complaint.

36.     DEFENDANT is a "persons" as that term is defined under Cal. Bus. & Prof. Code § 17021.

37.     Cal. Bus. & Prof. Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17200 applies to violations of labor laws and in the employment context.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

38.     At all times relevant hereto, by and through the conduct described herein, DEFENDANT have engaged in unfair and unlawful' practices by failing to pay PLAINTIFFS, and the other members of the CLASS, wages due, have failed accurately to record all hours worked, and have failed to provide certain meal breaks, pursuant to the

applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of

Cal. Bus. and Prof. Code § 17200 et seq., and have thereby deprived PLAINTIFF, and the

other members of the CLASS, of fundamental rights and privileges and caused them

economic injury as herein alleged.  DEFENDANT engaged in unfair competition by

withholding compensation for hours worked.  DEFENDANT further engaged in unfair and

unlawful business practices by failing to keep accurate information and time records and

failing to accurately itemize the total hours worked by DEFENDANT's employees, in

violation of California law.  As herein alleged, DEFENDANT's conduct was unlawful in

that, with respect to all California employees, DEFENDANT uniformly violated California

law and regulations, including but not limited to Labor Code §201, §202, § 206.5, §216,

§204, §218, §226, §226.7, §510, §512, §1102.5, §1174, §1175, §1198, and 8 C.C.R. §

11040(7).  Because DEFENDANT ordered and requires these employees to submit time

sheets which the DEFENDANT knows to be false because the time sheets exclude overtime

hours worked and do not include training time, DEFENDANT's acts and practices violate

Labor Code §206.5.  DEFENDANT's conduct also violated federal law.

     39.    By and through the unfair and unlawful business practices described herein,

DEFENDANT obtained valuable property, money, and services from the PLAINTIFF, and

the other members of the CLASS, and has deprived them of valuable rights and benefits

guaranteed by law and contract, all to their detriment and to the benefit of DEFENDANT so

as to allow DEFENDANT to unfairly compete against competitors who comply with the

law.

     40.    All the acts described herein as violations of, among other things, the Cal.

Labor Code and Industrial Welfare Commission Wage Order, are unlawful and in violation

of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and

Thereby constitute unfair and unlawful business practices in violation of Cal. Bus. & Prof.

Code § 17200 et seq.  The conduct of the DEFENDANT was also deceptive in that

DEFENDANT represented to PLAINTIFF and the members of the CLASS that they were

not entitled to receive overtime wages for hours worked in excess of eight (8) hours in a

workday and forty (40) hours in a work week.

41.     PLAINTIFF, and the other members of the CLASS, are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT have acquired, or of which PLAINTIFF, and other members of the CLASS, have been deprived, by means of the above described unfair and unlawful business practices.

42.     PLAINTIFF, and the other members of the CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and seek injunctive relief to enjoin DEFENDANT from engaging in any of these unfair and unlawful business practices in the future.

43.     PLAINTIFF, and the other members of the CLASS, have no plan, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANT.  As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the CLASS, have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices.  In addition, DEFENDANT should be required to disgorge the unpaid wages to PLAINTIFF, and the other members of the CLASS.

## SECOND CAUSE OF ACTION

**For Failure To Pay Earned Wages and Overtime Compensation**

**[Cal. Lab. Code §§ 204, 210, 510, 1194 and 1198]**

**(By PLAINTIFF and the CLASS and Against all Defendants)**

44.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 43 of this Complaint.

45.     Cal. Lab. Code § 204 requires employers to pay employees for all hours worked as follows: "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a

workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

46.     Cal. Lab. Code §§1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

47.     As set forth herein, DEFENDANTS' policy and practice was to intentionally and uniformly deny payment of wages due for hours worked, including overtime hours worked, to non-exempt banking employees, and in fact failed to pay these employees the overtime compensation for hours they worked in excess of eight hours in a day and/or forty hours in a workweek.  This was done in an illegal attempt to avoid payment of earned wages, overtime compensation and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

48.     The PLAINTIFF and the members of the CLASS are not exempt from receiving overtime compensation and other benefits under the Labor Code.  The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code §515, set forth the requirements which must be complied with to classify an employee as exempt from applicable labor laws.  For an employee to be exempt from these rules as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

      (a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

      (b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

      (c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

      (d)     The employee must customarily and regularly exercise discretion and

independent judgment; and,

(e)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CLASS was or is an executive because they all fail to meet the requirements of being an exempt "executive" within the meaning of Order No. 4.

49.     The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code §515, set forth the requirements which must be complied with to classify an employee as exempt from applicable labor laws.  For an employee to be exempt from these rules as a bona fide "administrator," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)     The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)     The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)     The employee must execute special assignments and tasks under only general supervision; and,

(f)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CLASS was or is an administrator because they all fail to meet the requirements for being  an exempt "administrator" under Order No. 4.

50.     The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code §515, set forth the requirements which must be complied with to classify an employee as exempt from applicable labor laws.  For an employee to be exempt from these rules as a bona fide "professional," all the following criteria must be met and DEFENDANT has the

burden of proving that:

(a)     The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

1)     Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

2)     Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

3)     Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b)     The employee must customarily and regularly exercise discretion and independent judgment; and.

(c)     The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

No member of the CLASS was or is a professional because they all fail to meet the requirements of being an exempt "professional" within the meaning of Order No. 4.

51.     PLAINTIFF, and other members of the CLASS, do not fit the definition of an exempt executive, administrative, or professional employee because:

(a) These employees do not primarily perform managerial or administrative (exempt) duties;

(b) Their work hours are primarily spent performing non-exempt duties,

including but not limited to performing routine banking transactions as requested by customers;

(c) They do not have the discretion or independent judgment, in that they must follow exacting and comprehensive company-wide policies and procedures which dictate every aspect of their work day; and/or,

(d) They do not have the authority to hire and/or fire other personnel;

52.    During the class period, the PLAINTIFF, and other members of the CLASS, worked more hours than they were paid for, constituting a failure to pay all earned wages.

53.    During the Class Period, the PLAINTIFF, and other members of the CLASS, worked more that eight hours in a workday, and/or more than forty hours in a work week.

54.    At all times relevant times, DEFENDANT failed to pay PLAINTIFF, and other members of the CLASS, wages for the hours they have worked as required by Cal. Lab. Code §204, and overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though PLAINTIFF, and the other members of the CLASS, were regularly required to work, and did in fact work, overtime hours as evidenced by bank records and witnessed by BANK OF AMERICA management, and which hours they were ordered to exclude from their time records.

55.    By virtue of DEFENDANT's unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CLASS, for the hours actually worked, the PLAINTIFF, and the other members of the CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

56.    DEFENDANT knew or should have known that PLAINTIFFS, and the other members of the CLASS, hours of work in excess of eight (8) hours in a workday and in excess of forty (40) hours in a workweek. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their labor as a matter of uniform corporate policy, practice and procedure, and to perpetrate this scheme,

DEFENDANT refused to institute a system for recording of hours worked that is not subject to manipulation or alteration by DEFENDANT and/or DEFENDANT's management.

57.     PLAINTIFF, and the other members of the CLASS, request recovery of wages due and applicable overtime compensation according to proof, interest, and costs, as well as the assessment of any and all available statutory penalties against DEFENDANT, in a sum as provided by the Cal. Lab. Code and/or other statutes.

58.     In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite overtime compensation, the DEFENDANT acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other members of the CLASS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of PLAINTIFF and the members of the Class.

59.     Many of the CLASS members have terminated their employment and DEFENDANT did not timely tender payment of all wages owed as required by Cal. Labor Code §§ 201 and 202.  Therefore, as provided by Cal Lab. Code § 203, on behalf of the members of the CLASS who have terminated their employment, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CLASS PERIOD and demands an accounting and payment of all wages due, plus interest.

### THIRD CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CLASS and against DEFENDANT)**

60.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 59 of this Complaint.

61.     Cal. Labor Code § 226 provides that an employer must furnish employees with "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

62.     At all times relevant herein, DEFENDANT violated Labor Code § 226 with respect to PLAINTIFF and the other members of the CLASS, in that DEFENDANT failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate for these employees.  This failure by DEFENDANT was the intentional result of DEFENDANT's intentional refusal to institute a system for accurately recording hour worked and DEFENDANT's orders and instructions to the members of the CLASS to exclude and delete their overtime hours worked and training work from the hours reported on their time sheets.

63.     DEFENDANTS knowingly and intentionally failed to comply with Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CLASS.  These damages include, but are not limited to, unpaid wages for hours actually worked, the costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages may be difficult to estimate.  Therefore, PLAINTIFF, and the other members of the CLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and

$100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CLASS herein), plus costs, pursuant to Labor Code § 226(g).

## FOURTH CAUSE OF ACTION

### For Failure To Provide Meal Periods

### [Cal. Lab. Code §§ 226.7 and 512]

### (By PLAINTIFF and the CLASS and Against All Defendants)

64.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 63 of this Complaint.

65.     Cal. Lab. Code § 512 provides, in relevant part: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

66.     Section 11 of the Order 1-2001 of the Industrial Wage Commission (the "Wage Order") provides, in relevant part:

Meal Periods:

(A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B)    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C)    Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

67.    Section 12 of Order 1-2001 of the Industrial Wage Commission (the "Wage Order") provides, in relevant part:

Rest Periods:

(A)    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three

and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B)    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

68.    Cal. Lab. Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

69.    Although DEFENDANT provides some meal periods, DEFENDANT has intentionally and improperly failed to provide all meal periods without any work or duties to PLAINTIFF and the other members of the CLASS as required by law, and by failing to do so DEFENDANT violated the provisions of Labor Code 226.7. DEFENDANT requires training work to be performed by PLAINTIFF and the members of the CLASS, but does not provide any compensated work time to perform the training, and therefore, employees are expected to complete the training during meal periods, which constitute on-duty meal periods for which no wages or compensation are paid by DEFENDANT.

70.    Therefore, PLAINTIFF demands on behalf of herself and the members of the CLASS, one (1) hour of premium pay for each workday in which a meal period was not provided for each five (5) hours of work.

## FIFTH CAUSE OF ACTION

### For Violation of the Fair Labor Standards Act

**[29 U.S.C. § 201 et seq.]**

**By PLAINTIFF and the CLASS and Against All Defendants)**

71.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 70 of this Complaint.

72.     The Fair Labor Standards Act, 29 U.S.C. §201, et seq., states that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation. 29 C.F.R. §778.223 and 29 C.F.R. §778.315. This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

73.     PLAINTIFF also brings this lawsuit as a collective action under the Fair Labor and Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), on behalf of all persons who were, are, or will be employed by BANK OF AMERICA in a "Teller", "Senior Teller", and/or "Sales Service Specialist" position, or in other substantially similar positions during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine (the "COLLECTIVE CLASS PERIOD"), who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked (the "COLLECTIVE CLASS"). To the extent equitable tolling operates to toll claims by the COLLECTIVE CLASS against the DEFENDANT, the COLLECTIVE CLASS PERIOD should be adjusted accordingly.

74.     Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not limited to the following, include:

            a.      Whether DEFENDANT's policies and practices failed to accurately record all hours worked by PLAINTIFF and the other members of the COLLECTIVE CLASS;

            b.      Whether DEFENDANT's policies and practices were to order, direct and/or instruct PLAINTIFF and the other members of the COLLECTIVE CLASS to delete or exclude overtime hours worked by these employees;

            b.      Whether DEFENDANT failed to adequately compensate the members

of the COLLECTIVE CLASS for all hours worked as required by the FLSA, including the time worked through their meal periods;

c.     Whether DEFENDANTS should be enjoined from continuing the practices which violate the FLSA; and,

d.     Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

75.    The Fifth Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS because the claims of the PLAINTIFF are similar to the claims of the members of the prospective COLLECTIVE CLASS.

76.    PLAINTIFF and the COLLECTIVE CLASS are similarly situated, have substantially similar job requirements and pay provisions, and are subject to DEFENDANT's common and uniform policy and practice of failing to pay for all actual time worked and wages earned, and failing to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor (the "REGULATIONS").

77.    DEFENDANT is engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

78.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA. The conduct by the DEFENDANT which violated the FLSA was willful.

79.    PLAINTIFF and the members of the COLLECTIVE CLASS regularly worked in excess of forty (40) hours in a workweek. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

80.     PLAINTIFF and the COLLECTIVE CLASS were all paid by DEFENDANT on an hourly or salary basis for the hours worked up to forty (40) in a workweek, but PLAINTIFF and the COLLECTIVE CLASS worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours. PLAINTIFF and the COLELCTIVE CLASS were not "exempt" from the requirements of the Fair Labor Standards Act. DEFENDANT also failed to pay PLAINTIFF, and other members of the COLLECTIVE CLASS, compensation for the hours they worked performing duties primarily for the benefit of the employer during meal periods.

81.     For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANT were and are uniform throughout California and the United States in all respects material to the claims asserted in this Complaint.

82.     DEFENDANT violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

83.     As a result of DEFENDANT's failure to pay overtime compensation for hours worked, as required by the FLSA, PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

84.     PLAINTIFF, therefore, demands that they and the members of the COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus liquidated damages, interest and statutory costs as provided by law.

## PRAYER

WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.     On behalf of the CLASS:

A)     That the Court certify action asserted by the CLASS as a class action pursuant to Federal Rules of Civil Procedure, rule 23;

B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C)   An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CLASS; and,

D)   Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CLASS.

E)   Compensatory damages, according to proof at trial, including compensatory damages for both regular and overtime compensation due PLAINTIFF and the other members of the CLASS, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;

F)   One hour of premium pay for each workday in which a meal period was not provided to PLAINTIFF and each member of the CLASS for each five (5) hours of work;

G)   The wages of all terminated employees due to members of the CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced in accordance with Cal. Lab. Code § 203;

H)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violations of Cal. Lab. Code § 226.

2.   On behalf of the COLLECTIVE CLASS:

A)   That the Court certify the Fifth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in class action under 29 U.S.C. § 216(b);

B)   That the Court declare the rights and duties of the parties consistent with the

relief sought by PLAINTIFF;

C)     Issue a declaratory judgment that DEFENDANT's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

D)     That DEFENDANT be enjoined from further violations of the Fair Labor Standards Act;

E)     That the PLAINTIFF and the members of the COLLECTIVE CLASS recover compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

3.     On all claims:

A)     An award of interest, including prejudgment interest at the legal rate.

B)     An award of liquidated damages, statutory damages, cost of suit, but neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees under Cal. Lab. Code § 218.5;

C)     Such other and further relief as the Court deems just and equitable.

Dated:  June 24, 2009                         BLUMENTHAL, NORDREHAUG &
                                              BHOWMIK

                                              By: _____
                                                  Norman B. Blumenthal
                                                  Attorneys for Plaintiff

                                              UNITED EMPLOYEES LAW GROUP
                                              Walter Haines, Esq.
                                              65 Pine Ave, #312
                                              Long Beach, CA 90802
                                              Telephone: (562) 256-1047

35
COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:   June 24, 2009                   BLUMENTHAL, NORDREHAUG &
                                         BHOWMIK

                                         By:
                                             Norman B. Blumenthal
                                             Attorneys for Plaintiff


                                         UNITED EMPLOYEES LAW GROUP
                                         Walter Haines, Esq.
                                         65 Pine Ave, #312
                                         Long Beach, CA 90802
                                         Telephone: (562) 256-1047
                                         Facsimile: (562) 256-1006


K:\D\NBB\Franco v. BofA\p-Complaint-Federal-finaldraft.wpd

COMPLAINT

**JS 44** (Rev. 12/07)

# ORIGINAL CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JUAN FRANCO

**DEFENDANTS** FILED

BANK OF AMERICA

2009 JUN 24 PM 4: 11

**(b)** County of Residence of First Listed Plaintiff   **Los Angeles County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
SOUTHERN DISTRICT OF CALIFORNIA
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

BY: _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Norman Blumenthal, Blumenthal, Nordrehaug & Bhowmik,
2255 Calle Clara, La Jolla, CA, 92037, (858)551-1223

Attorneys (If Known)

**'09 CV 1364 LAB   POR**

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 216(b) (Fair Labor Standards Act) and 28 U.S.C. §1332 (CAFA Jurisdiction)

Brief description of cause:
Claims for unpaid overtime compensation under Federal and California law

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 5,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE   06/24/2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT 350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

6/24/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS002301
Cashier ID: sramirez
Transaction Date: 06/24/2009
Payer Name: BLUMENTHAL, NORDREHAUG
---------------------------------
CIVIL FILING FEE
 For: FRANCO V. B OF A
 Case/Party: D-CAS-3-09-CV-001364-001
 Amount:        $350.00
---------------------------------
CHECK
 Check/Money Order Num: 12025
 Amt Tendered: $350.00
---------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```