UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FRANCO, on behalf of himself and on behalf of all persons similarly situated,<br><br>              Plaintiff,<br>v.<br><br>BANK OF AMERICA,<br><br>              Defendant. | Case No. 09cv1364-LAB (BLM)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF CONTACT INFORMATION OF PUTATIVE CLASS** |

On November 4, 2009, Plaintiff filed a motion to compel production of contact information of the putative class. Pursuant to this Court's briefing schedule, on November 9, 2009, Defendant timely opposed the motion and the Court took the matter under submission pursuant to Civil Local Rule 7.1 (d)(1). Having considered the briefing filed by the parties and the applicable law, and good cause appearing, Plaintiff's motion is **DENIED IN PART AND GRANTED IN PART**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 24, 2009, Plaintiff, a former Bank of America employee, filed the present class action lawsuit against Bank of America. As described in the first amended complaint ("FAC") that was filed on November 19, 2009, Plaintiff is seeking damages, restitution and

injunctive relief for (1) unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) failure to pay earned wages and overtime compensation in violation of Cal. Lab. Code §§ 204, 210, 218, 510, 1194 and 1198; (3) failure to provide accurate itemized statements in violation of Cal. Labor Code § 226; (4) failure to provide meal periods in violation of Cal. Labor Code §§ 226.7 and 512; (5) violation of the Fair Labor Standards Act, 29 U.S.C. § 216 ("FLSA"); and (6) Labor Code Private Attorney General Act. Cal. Labor Code § 2698. Plaintiff alleges that Defendant failed to pay him and other employees for the actual number of hours worked (regular and overtime) during the class period. Plaintiff specifically contends that he and other employees were instructed not to record their overtime hours and that they were required to work during meal breaks to complete mandatory training which could not be completed at any other time. FAC.

The Court held a telephonic case management conference ("TCMC") for this matter on September 25, 2009. After the TCMC, the Court ordered the parties to distribute a <u>Belaire</u> notice permitting members of the putative class to opt out of having their identifying information disclosed to Plaintiff's counsel on or before October 30, 2009. Doc. 15. On October 29, 2009, Plaintiff's counsel called the Court's chambers and alleged that Defendant's counsel was not cooperating with his efforts to comply with the Court's order to distribute the <u>Belaire</u> notice. A follow up TCMC held on October 30, 2009, revealed that the heart of the dispute is whether the <u>Belaire</u> notice should be sent to Tellers, Senior Tellers and Sales and Service Specialists who work or worked at the two Bank of America branch offices where Plaintiff worked, or to employees in those positions who work or worked at any Bank of America branch office in California.

1    Plaintiff alleges that Defendant has a company-wide policy and practice instituted by Defendant's corporate office that results in the nonpayment of overtime hours to employees. FAC. Because of this alleged company-wide policy and practice, Plaintiff argues that he is entitled to contact information for Tellers, Senior Tellers and Sales and Service Specialists employed in any Bank of America branch office in California. Doc. 20-1.

Defendant, on the other hand, argues that contacting all such employees from every Bank of America branch office in California would be unreasonable, over broad, and unduly harassing to the Defendant and overly intrusive to Defendant's current and former employees. Doc. 23. In support of its position, Defendant notes that the difference in the number of involved employees varies from less than 100 at the two banks to approximately 27,000 throughout California. Doc. 23. Defendant also asserts that there is no company-wide policy or practice related to the unlawful withholding of overtime payments from employees, and, in fact, provided a written policy requiring the payment of all overtime worked by overtime-eligible associates. Doc. 23, Exhibit 1. Defendant argues that because Plaintiff has failed to provide any evidence supporting his company-wide policy theory, contact information should only be provided for Tellers, Senior Tellers and Sales and Service Specialists who work or worked at the two Bank of America branch offices where Plaintiff worked. Doc. 23.

As will be discussed more fully below, the Court **DENIES IN PART AND GRANTS IN PART** Plaintiff's motion to compel production of contact information of the putative class.

///

///

**LEGAL STANDARD**

The scope of discovery is defined by Rule 26(b), which permits litigants to obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party . . ." Rule 26(b)(1). "Relevant" information includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial. Id. District courts enjoy broad discretion both to determine relevancy for discovery purposes, see Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and to limit discovery to prevent its abuse, see Rule 26(b)(2). To the extent that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P. 26(b)(2). Limits should also be imposed where the burden or expense outweighs the likely benefits. Id. How and when to limit discovery in this way, however, remains within the court's discretion.

The term Belaire notice comes from Belaire-West Landscape Inc. v. Superior Court, 149 Cal. App. 4th 554 (2007). It refers to an opt-out notice that was sent to potential class members in Belaire to inform them of the lawsuit and explain that if they did not want to have their contact information sent to plaintiff's counsel, they could complete and return an enclosed post card. Id. at 557. The notice was found to be appropriate where the trial court "properly evaluated the rights and interests at stake, considered the alternatives, balanced the competing interests, and permitted the disclosure of contact information regarding Belaire-West's current and former employees unless, following proper notice, they objected in writing to the disclosure." Id. at 562. The

notice was not found to present a serious invasion of potential class members' privacy interests. Id.

### **DISCUSSION**

The parties already have agreed[1] on all aspects of the Belaire notice with the exception of whether the notice should be sent to the designated employees who work or worked at the two Bank of America branch offices where Plaintiff worked, or at any Bank of America branch office in California. Doc. 19. Therefore, Plaintiff's right to a portion of the contact information he is seeking is not at issue. What remains to be determined, is whether Plaintiff's desire to compel production of contact information for all of Defendant's California branch offices should be limited at this juncture because it is overly broad, burdensome and does not outweigh the likely benefits.

While courts generally allow plaintiffs to obtain discovery from defendants related to class certification issues, plaintiffs bear the burden of showing that such discovery is likely to produce substantiation of the class allegations. Mantolete V. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985). If a plaintiff is unable to meet this burden, a court's refusal to allow discovery is not an abuse of discretion. Id.

///

---

[1] In its opposition, Defendant raises a concern that there is no longer an agreement between the parties on which employee positions and what time period should be covered by the Belaire Notice. Initially, as discussed in the October 30, 2009 Telephonic Case Management Conference, the parties had reached an agreement on all aspects of the Belaire Notice with the exception of whether the notice should be sent to two branch offices or to any branch office in California. Doc. 19. This agreement established the time frame of the Belaire notice from January 31, 2007 to present day. Doc. 23-3, Exhibit 3. The parties now indicate that there has been some movement away from the previous agreements. Doc. 23. However, the Court has considered the facts and finds that the previous agreement was appropriate. Therefore, the Belaire notice will be sent to employees and former employees working as Tellers, Senior Tellers and Sales and Service Specialists at any time between January 31, 2007 and the present.

1     Here, Plaintiff supports his request for state-wide contact
2 information by providing a declaration stating that he was told by the
3 manager at the West Glendale branch office where he worked, and the
4 manager at the Los Angeles branch office where he is currently working,
5 that Defendant is shorthanded and cannot pay overtime wages due to a
6 shortage of Full Time Equivalent Hours ("FTE"). Doc. 20-2. Plaintiff
7 also states that he observed that other Sales Service Specialists,
8 Tellers and Personal Bankers at the two branch offices where he has
9 worked, were subjected to the same violations of the California Labor
10 Code that he experienced. Id. Finally, Plaintiff's declaration states
11 that he spoke with or knew of at least five other Bank of America
12 employees in different branch offices in California who did not receive
13 payment for overtime hours worked. Id. Two of those employees worked
14 as Personal Bankers in the West Glendale branch office where Plaintiff
15 used to work. One of the employees was a Teller in the Los Angeles
16 branch office where Plaintiff is currently working, and the other two
17 employees held positions that Plaintiff cannot recall and worked in
18 branch offices in California where Plaintiff never worked.
19 Additionally, Plaintiff has submitted copies of two class action
20 complaints (Harris v. Bank of America Corp., Case No. BC357822 and
21 Anderson v. Bank of America Corp., Case No. BC350582) filed in Los
22 Angeles against Defendant alleging similar California Labor Code
23 violations.

24     Defendant responded to Plaintiff's evidence of an alleged company-
25 wide policy and practice of unlawfully withholding overtime payments by
26 providing copies of its time keeping policy, manager and associate
27 training materials regarding timekeeping compliance, screen shots of the
28 time entry system, and Plaintiff's timekeeping compliance training

record. Doc. 23, Exhibits 1-5. Defendant also provided a declaration from its Vice President and Human Resources Manager, Rai Otero, stating that Defendant's corporate policies require that all overtime eligible employees be paid for all hours actually worked, and that FTEs do not impact or modify Defendant's corporate timekeeping policies. Doc. 23-2. Defendant also provided a declaration from another of its Vice Presidents, Lori McCarthy Lopez, stating that Defendant's timekeeping policy is included in training materials for managers and overtime eligible employees in all of the Bank's retail banking centers in California, and that retail bank managers in California are required to take a course on the matter annually. All associates in California are also required to complete annual timekeeping training. Doc. 23-1.

At this stage in the proceedings, the Court finds that the scope of the Belaire notice proposed by Plaintiff is overly broad and unduly burdensome. Plaintiff has not provided sufficient facts to support his claim of a company-wide policy and practice by Defendant to withhold regular and overtime wages from its employees, especially in light of Defendant's evidence of contrary company-wide policies. While the allegations in Plaintiff's declaration support his request for the contact information of the approximately 100 current and former employees in the branch offices where Plaintiff worked, it does not support his request for the contact information of the approximately 27,000 such employees located throughout California. See, e.g., Tracy v. Dean Witter Reynolds, 185 F.R.D. 303, 305-313 (D. Col. 1998) (denying plaintiff's request for discovery from other offices where evidence did not substantiate plaintiff's allegations that class extended beyond local office and stating "[c]lass plaintiffs are not permitted to send notices to prospective members of a class if the only evidence of a

1  class action consists of the bare allegations of the complaint, or of
2  counsel.")  Additionally, the <u>Harris</u> and <u>Anderson</u> complaints that
3  Plaintiff provided are not sufficient to show that broader discovery
4  will substantiate his class allegations.  <u>See</u> <u>Mantolete</u>, 767 F.2d at
5  1425 (finding that plaintiff's submission of two additional complaints
6  filed against defendant in other locations with similar claims did not
7  "provide a likelihood that discovery measures will produce persuasive
8  information substantiating class allegations." (quoting <u>Doninger v.</u>
9  <u>Pacific Northwest Bell Inc</u>., 564 F.2d 1304, 1313 (9th Cir. 1977))).
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Based on the Court's review of the briefing submitted, and for the reasons set forth herein, Plaintiff's motion to compel production of contact information of the putative class is **DENIED IN PART AND GRANTED IN PART** as follows:

(1) Plaintiff's request for an order compelling the production of contact information for Tellers, Senior Tellers and Sales and Service Specialists employed in the two Bank of America branch offices where Plaintiff worked (6400 San Fernando Road, Glendale, California and 4510 Franklin Avenue, Los Angeles, California) is **GRANTED;**

(2) Plaintiff's request for an order compelling the production of contact information for Tellers, Senior Tellers and Sales and Service Specialists employed in all Bank of America branch offices in California is **DENIED**; and

(3) **It is further ordered** that the relevant time period is January 31, 2007 to the present.

DATED: December 1, 2009

BARBARA L. MAJOR
United States Magistrate Judge